## ALPROSA WATCH CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12368.    Promulgated August 31, 1948.

*Lincoln Orens, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

ARUNDELL, *Judge*: The petitioner herein, the Alprosa Watch Corporation, which was engaged in the business of selling jewelry, including watches, during the period June 15 to June 30, 1943, claims the right to include in its returns for the fiscal year ended June 30, 1943, the income and losses realized by the Esspi Glove Corporation during the preceding portion of that fiscal year and in a prior year. Petitioner also seeks the benefit of the excess profits credits of the latter corporation. These claims are predicated on the theory that petitioner and Esspi are one and the same taxable entity, notwithstanding changes in the corporate name, stock ownership, business activity, and the location of the place of business.

Respondent takes the position that, while "technically the same corporate entity may have continued in existence," the benefit of the deductions and credits stemming from the prior activities of Esspi should be denied the petitioner. He argues that the control of Esspi was in fact acquired by the partners in the names of their wives "for the sole purpose of evading or avoiding federal taxes," that the whole transaction was unrealistic, served no business purpose, and should be rejected on the authority of *Gregory* v. *Helvering*, 293 U. S. 465, and *Higgins* v. *Smith*, 308 U. S. 473.

The cases relied on by respondent are landmark cases which have been regularly invoked to prohibit unreal uses of the corporate form to effect tax savings. Both cases involve transactions between corporations and their sole stockholders that were held to be unrealistic, tax-dodging devices, without substance or a legitimate business purpose. In both cases, the corporate entity used by the taxpayer as a vehicle of tax avoidance was disregarded for Federal tax purposes.

Under the theory upon which respondent has determined the deficiency in this proceeding, there is neither a corporation nor a transaction which we may "disregard" in determining the issue before us. Respondent submits that the "new corporation," Alprosa Watch Corporation, should be disregarded for Federal tax purposes—yet that corporation, and not its stockholders or the partnership, is the taxpayer against which the respondent has found the deficiency. On the other hand, the transaction between the partnership and petitioner may not be disregarded, once it has been tacitly recognized by the finding of a deficiency against the petitioner based primarily upon the profits realized as a result of that transaction.

In addition, the facts in the instant case do not support a finding that the sole or principal purpose of the entire transaction was the

evasion or avoidance of Federal taxes. We have found as a fact that the acquisition of an existing corporation was necessary if the Pierce watches were to be marketed, and, while we are satisfied that the parties in interest were not unaware of the tax advantages that might accrue through Esspi, the record does not support a finding that tax avoidance was the dominating motive.

A man's tax avoidance motives do not alone establish his liability. In *Chisholm* v. *Commissioner*, 79 Fed. (2d) 14, it was stated:

* * * In *Gregory* v. *Helvering*, supra, * * * the incorporators adopted the usual form for creating business corporations; but their intent, or purpose, was merely to draught the papers, in fact not to create corporations as the court understood that word. That was the purpose which defeated their exemption, not the accompanying purpose to escape taxation; that purpose was legally neutral. Had they really meant to conduct a business by means of the two reorganized companies, they would have escaped whatever other aim they might have had, whether to avoid taxes, or to regenerate the world.

It follows that the principles of *Gregory* v. *Helvering*, and *Higgins* v. *Smith*, are inapplicable.

It has been conceded by both parties that the provisions of section 129 of the Internal Revenue Code are inapplicable, since the present case involves a taxable year beginning prior to December 31, 1943. However, it is respondent's suggestion that the legal principles set out in section 129 may well have been the law existing prior to the enactment of that section. Section 128 (c) of the Revenue Act of 1943, which limits the significance of the date upon which the amendments made by section 129 were made effective, states in part:

* * * The determination of the law applicable to prior taxable years shall be made as if this section had not been enacted and without inferences drawn from the fact that the amendment made by this section is not expressly made applicable to prior taxable years.

The parties have not cited, nor have we been able to discover, any statement of law prior to the enactment of section 129 expressive of the specific principles set out in that section. There is considerable doubt in our minds that, even assuming that this case were to be governed by section 129, the facts constitute a situation condemned by that section. That section would seem to prohibit the use of a deduction, credit, or allowance only by the acquiring person or corporation and not their use by the corporation whose control was acquired.

The remaining question in the case is whether Esspi and petitioner are actually the same corporate entity. In view of the established principle that a corporation and its stockholders are separate legal entities, it is recognized that a change in stock ownership does not produce a new corporate personality. *Erie Coca Cola Bottling Co.*, 1 B. T. A. 531; *East Coast Motors, Inc.*, 35 B. T. A. 212. In *Northway Securities Co.*, 23 B. T. A. 532, we held that the petitioner corporation was the same jural person as its so-called predecessor, notwithstanding

a change in name, business situs, and type of business. Cf. *American Coast Line, Inc.* v. *Commissioner*, 159 Fed. (2d) 665.

In the case before us the corporate name was changed, the locus of business was immediately moved, the corporate stock was acquired by new owners, and the nature of the business was converted from the manufacture and sale of gloves to the purchase and sale of jewelry. The new business activity was authorized by the original certificate of incorporation. Furthermore, it is significant that no steps were taken to liquidate Esspi in the taxable year—in fact, petitioner conducted business for three years thereafter. In these circumstances, and on the authority of the cited cases, we hold that Esspi Glove Corporation and Alprosa Watch Corporation were the same corporate person for Federal tax purposes.

As it is our conclusion that the petitioner and the Esspi Glove Corporation constitute for Federal tax purposes one and the same taxpayer, it follows that petitioner may include in its corporate tax returns for the fiscal year ended June 30, 1943, the income and expenses of the Esspi Corporation for the period July 1, 1942, to June 14, 1943, and is entitled to deduct the net operating losses of the latter company for its prior taxable year ended April 30, 1942. We hold further that petitioner is entitled to the use of the unused excess profits credits of the Esspi Glove Corporation in computing its excess profits credit for the taxable year ended June 30, 1943.

*Decision will be entered under Rule 50.*